Rodeguise CALHOUN, Petitioner–Appellant,

v.

Alvin W. KELLER, Respondent–Appellee.

No. 12–6108.

United States Court of Appeals, Fourth Circuit.

Submitted: June 4, 2012.

Decided: July 13, 2012.

Rodeguise Calhoun, Appellant Pro Se. Clarence Joe DelForge, III, North Carolina Department of Justice, Raleigh, North Carolina, for Appellee.

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodeguise Calhoun seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2254 (2006) petition. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court de-

nies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *see Miller–El v. Cockrell,* 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack,* 529 U.S. at 484–85, 120 S.Ct. 1595.

We have independently reviewed the record and conclude that Calhoun has not made the requisite showing. Accordingly, we deny Calhoun's motion for a certificate of appealability, deny Calhoun's motion seeking leave to proceed in forma pauperis, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED.*

---

* Although Prysock argues on appeal that the district court erred in denying his post-conviction motion filed pursuant to 28 U.S.C.A. § 2255 (West Supp.2011), we have no authority to entertain this claim. Prysock's notice of appeal specifically sought review of the dis-

trict court's order denying his § 3582(c)(2) motion and, in any event, was not timely as to the lower court's earlier ruling denying Prysock's § 2255 motion. Thus, we lack jurisdiction to consider Prysock's challenge to the denial of § 2255 relief.